USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                  :

DIEGO FERNANDO MUESES CAICEDO,     :

                                  :

                  Petitioner,   :              1:26-cv-1360-GHW

                                  :

             -v-                      :              ORDER

                                  :

KENNETH GENALO, *et al.*,            :

                                  :

                Respondents.  :
--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 18, 2026, Petitioner Diego Fernando Mueses Caicedo, proceeding *pro se* through next friend Mr. Carlos Lucero, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates 8 U.S.C. § 1226 and the Due Process Clause of the Constitution.

The Court assumes the parties' familiarity with the background of this case as articulated in Mr. Caicedo's petition, Dkt. No. 1 ("Pet." or "Petition"). On February 14, 2019, Mr. Caicedo was issued an expedited removal order. Dkt. No. 8-1 (Notice and Order of Expedited Removal). Pursuant to that order, Mr. Caicedo was removed from the United States on April 26, 2019. *Id.* Petitioner has not proffered any facts to explain when or how he reentered the United States following his removal in 2019.

On February 16, 2026, Mr. Caicedo's removal order was reinstated. On March 9, 2026, Respondents filed a letter requesting that the Court dismiss the Petition as moot because "[o]n March 9, 2026, ICE executed Petitioner's removal order, removing him to Ecuador by an ICE charter custody." Dkt. No. 10. In support of their letter, Respondents appended a declaration from Acting Supervisory Detention and Deportation Officer Nicholas Traux, affirming that Petitioner

was removed to Ecuador and that he is no longer in ICE custody.  Dkt. No. 10-1 ¶ 3.

"[W]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action."  *Hassoun v. Searls*, 976 F.3d 121, 127 (2d Cir. 2020) (internal quotations omitted) (quoting *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quoting *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994))).  "Thus, '[w]henever mootness occurs, the court . . . loses jurisdiction over the suit, which therefore must be dismissed.'"  *Id.*  (quoting *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*, 260 F.3d 114, 118–19 (2d Cir. 2001)).  "'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'"  *Id.* at 128 (quoting *Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012)).  "In the context of immigration habeas cases, if a petitioner challenges his or her detention under 28 U.S.C. § 2241 but is subsequently removed, the petition becomes moot because the petitioner is no longer in custody."  *De La Cruz v. Dep't of Homeland Sec.*, No. 20-CV-02219, 2021 WL 431037 (S.D.N.Y. Feb. 8, 2021); *Hassoun*, 976 F.3d at 127 ("No one disputes that this case has become moot, given that Hassoun has been removed from the United States."); *Pierrilus v. U.S. Immigr. & Customs Enf't*, 293 F. App'x 78, 79 (2d Cir. 2008) (summary order) ("Under 28 U.S.C. § 2241, the habeas statute under which petitioner challenged his detention, we retain jurisdiction so long as the petitioner is in custody." (quotation marks omitted)).

Because Petitioner has been removed from the United States, the Court lacks jurisdiction over his Petition.  Accordingly, Mr. Caicedo's petition for a writ of habeas corpus is dismissed as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(1), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United* States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order Mr. Carlos Lucero at the address

2

listed on the docket sheet for this action and to close this case.

SO ORDERED.

Dated: March 10, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge